**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARSHAN KAUR; et al.,

               Petitioners,

  v.

IMMIGRATION AND
NATURALIZATION SERVICE,

               Respondent.

No. 01-71948

Agency Nos. A072-401-927
                   A072-401-928

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2010[**]
San Francisco, California

Before: HALL and McKEOWN, Circuit Judges, and ZILLY,[***] Senior District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Thomas S. Zilly, Senior United States District Judge
for the Western District of Washington, sitting by designation.

An immigration judge ("IJ") denied Petitioners' applications for asylum and withholding of removal. The Board of Immigration Appeals ("BIA") affirmed. This Court has jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Lead Petitioner Darshan Kaur alleges that her politically active brother was arrested and killed by Punjabi police officers, and that the police threatened to harm her and her family once they had alleged misconduct. Because of these threats and additional threats by Sikh militants, Petitioners claim to fear persecution if they return to India.

As a preliminary matter, the BIA did not deny Petitioners due process by concluding that they had not established past persecution. The IJ expressly found that Kaur had not sufficiently established past persecution or a well-founded fear of persecution, and the BIA affirmed on both of those grounds. A failure to establish past persecution was therefore one basis for the denial of Petitioners' claims, and they knew or should have known that the BIA could affirm, at least in part, on that ground.

Substantial evidence supports the BIA's determination that Petitioners had not suffered past persecution. Kaur testified that her family was "harassed" by police officers on three or four occasions in order to convince them to withdraw complaints over her brother's death. She also testified that Sikh militants

attempted to recruit her family to avenge her brother's death and that the militants threatened harm if they refused. Such threats by themselves do not compel a finding of past persecution. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000).

Substantial evidence also supports the BIA's determination that Petitioners did not have a well-founded fear of persecution by the police or Sikh militants on account of political opinion. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997). Kaur's brother was allegedly arrested because he was suspected of killing a police officer and killed for trying to escape, and the police allegedly harassed Kaur's family following the lodging of a complaint over her brother's death. Although Kaur testified that she was a member of the All India Sikh Student Federation, there is no evidence that the police were aware of her political activity or targeted her for any reason other than to protect their own reputation. There is also no evidence that the Sikh militants targeted Kaur's family for any reason other than to further their own agenda. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-483 (1992).

Although Kaur's testimony was deemed credible, it was not sufficiently detailed or persuasive to compel a finding of a well-founded fear of future persecution. *See Ladha v. INS*, 215 F.3d 889, 901 n.12 (9th Cir. 2000) ("[S]ometimes the facts, credibly testified to and taken therefore to be true, will not cover all elements of the asylum or withholding claim needed to justify relief.").

Her description of the number and nature of the threats lodged against her was extremely vague, and her asylum application is riddled with inconsistencies. Petitioners claim a subjective fear of arrest and torture, but there is little evidence that such fear is objectively reasonable.

Lastly, we decline to remand to the BIA to consider Petitioners' eligibility for relief under the Convention Against Torture ("CAT"). After the IJ issued its decision, but before the BIA ruled on Petitioners' appeal, the United States implemented Article 3 of CAT. *See* Pub. L. No. 105-277, Div. G., Title XXII, § 2242, 112 Stat. 2681, 2681-822 (1998). However, Petitioners never filed a motion to reopen with the BIA or the IJ to consider their CAT claim. *Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir. 2000).

For the foregoing reasons, we **DENY** the petition for review.